(Slip Opinion)           OCTOBER TERM, 2005                    1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## OREGON *v.* GUZEK

### CERTIORARI TO THE SUPREME COURT OF OREGON

No. 04–928.   Argued December 7, 2005—Decided February 22, 2006

At the guilt phase of respondent Guzek's capital murder trial, his
mother was one of two witnesses who testified that he had been with
her on the night the crime was committed.  He was convicted and
sentenced to death.  Twice, the Oregon Supreme Court vacated the
sentence and ordered new sentencing proceedings, but each time
Guzek was again sentenced to death.  Upon vacating his sentence for
a third time, the State Supreme Court held that the Eighth and
Fourteenth Amendments provide Guzek a federal constitutional right
to introduce live alibi testimony from his mother at the upcoming re-
sentencing proceeding.  After this Court granted certiorari, Guzek
filed a motion to dismiss the writ as improvidently granted.

*Held:*

   1. Guzek's motion to dismiss certiorari is denied.  This Court does
not lack jurisdiction on the ground that, irrespective of federal law,
state law gives Guzek the right to introduce his mother's live testi-
mony.  The Court possesses jurisdiction to review state-court deter-
minations that rest upon federal law, 28 U. S. C. §1257(a), and the
Oregon Supreme Court based its legal conclusion in relevant part on
such law.  It pointed out that relevant mitigating evidence under
state law refers only to evidence that the Federal Constitution grants
a defendant the right to present.  And it interpreted the federal ad-
missibility requirement in *Lockett* v. *Ohio*, 438 U. S. 586, 604 (plural-
ity opinion), and *Green* v. *Georgia*, 442 U. S. 95 *(per curiam)*, to in-
clude evidence like the proffered alibi testimony.  Nor is this Court
willing to dismiss the writ on the ground that irrespective of federal
law and of the State Supreme Court's federal holding, Oregon's capi-
tal-case resentencing statute gives Guzek the right to introduce wit-
nesses who testified at the guilt phase.  At most, state law *might* give
him such a right, but "a *possible* adequate and independent state

ground" for a decision does not "bar . . . reaching the federal questions" where, as here, the State Supreme Court's decision "quite clearly rested . . . solely on the Federal Constitution." *California* v. *Ramos*, 463 U. S. 992, 997, n. 7. Pp. 2–5.

2. The Constitution does not prohibit a State from limiting the innocence-related evidence a capital defendant can introduce at a sentencing proceeding to the evidence introduced at the original trial. This Court's cases have *not* interpreted the Eighth Amendment as providing such a defendant the right to introduce at sentencing evidence designed to cast "residual doubt" on his guilt of the basic crime of conviction. *Franklin* v. *Lynaugh*, 487 U. S. 164, 173, n. 6 (plurality opinion). *Lockett* v. *Ohio*, *supra*, and *Green* v. *Georgia*, *supra*, distinguished. Even if such a right existed, it could not extend so far as to provide Guzek with a right to introduce the evidence at issue. The Eighth Amendment insists upon "'reliability in the determination that death is the appropriate punishment in a specific case,'" *Penry* v. *Lynaugh*, 492 U. S. 302, 328, and that a sentencing jury be able "to consider and give effect to mitigating evidence" about the defendant's "character or record or the circumstances of the offense," *id*., at 327–328, but it does not deprive the State of its authority to set reasonable limits on the evidence a defendant can submit, and to control the manner in which it is submitted. Three circumstances, taken together, show that the State has the authority to regulate Guzek's evidence through exclusion. First, sentencing traditionally concerns *how*, not *whether*, a defendant committed the crime, but alibi evidence concerns only *whether*, not *how*, he did so. Second, the parties previously litigated the issue to which the evidence is relevant. Thus, the evidence attacks a previously determined matter in a proceeding at which, in principle, that matter is not at issue. The law typically discourages such collateral attacks. Cf. *Allen* v. *McCurry*, 449 U. S. 90, 94. Third, the negative impact of a rule restricting Guzek's ability to introduce *new* alibi evidence is minimized by the fact that Oregon law gives the defendant the right to present to the sentencing jury *all* the innocence evidence from the original trial (albeit through transcripts). The Oregon courts are free to consider on remand whether Guzek is entitled to introduce his mother's testimony to impeach other witnesses whose earlier testimony the government intends to introduce at resentencing. Pp. 5–9.

336 Ore. 424, 86 P. 3d 1106, vacated and remanded.

BREYER, J., delivered the opinion of the Court, in which ROBERTS, C. J., and STEVENS, KENNEDY, SOUTER, and GINSBURG, JJ., joined. SCALIA, J., filed an opinion concurring in the judgment, in which THOMAS, J., joined. ALITO, J., took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 04–928

_____

OREGON, PETITIONER *v.* RANDY LEE GUZEK

ON WRIT OF CERTIORARI TO THE SUPREME COURT OF OREGON

[February 22, 2006]

JUSTICE BREYER delivered the opinion of the Court.

Respondent Randy Lee Guzek was found guilty of capital murder and sentenced to death. On appeal, the Oregon Supreme Court affirmed the conviction but vacated the sentence and ordered a new sentencing proceeding. The question before the Court is whether the State may limit the innocence-related evidence he can introduce at that proceeding to the evidence he introduced at his original trial. We hold that the limitation does not violate the Constitution.

I

Oregon tried Guzek for the offense of capital murder. The evidence showed that Guzek and two associates decided to burglarize the Houser family home, that they entered the house, that an associate killed Rod Houser, and that Guzek then robbed and killed Lois Houser. After the police learned that Guzek held a special grudge against the Housers, they traced him and his associates. The associates confessed. And they testified at trial, painting Guzek as the ringleader.

Guzek's defense rested in part upon an alibi. He presented two alibi witnesses, his grandfather and his

mother, who testified that Guzek had been with the one or the other at the time of the crime. The jury disbelieved the alibi, it convicted Guzek, and it sentenced him to death.

Guzek appealed; the Oregon Supreme Court affirmed the conviction; but the court ordered a new sentencing proceeding. Guzek was again sentenced to death; he again appealed; and the Oregon Supreme Court again ordered resentencing. Guzek was sentenced to death for the third time; he again appealed; and yet again the Oregon Supreme Court found the sentencing procedures faulty. Seeking to avoid further errors at the next (the fourth) sentencing proceeding, the Oregon Supreme Court also addressed the admissibility of certain evidence Guzek seeks to introduce at that proceeding, including live testimony from his mother about his alibi.

The Oregon Supreme Court held that the Eighth and Fourteenth Amendments provide Guzek a federal constitutional right to introduce this evidence at his upcoming sentencing proceeding. At Oregon's request, we agreed to review that determination. 544 U. S. ___ (2005).

## II

Before turning to the merits of Oregon's claim, we consider a motion that Guzek made, asking us to dismiss the writ of certiorari as improvidently granted. The motion rests upon Guzek's claim that, irrespective of federal law, *state* law gives him the right to introduce his mother's live testimony—the additional alibi evidence here at issue. See Ore. Rev. Stat. §138.012(2)(b) (2003). For this reason, he says, the Court lacks jurisdiction to hear this appeal, or, at the least, there is no good practical reason for us to decide the federal issue.

We cannot agree, however, that we lack jurisdiction to hear the case. We possess jurisdiction to review state-court determinations that rest upon federal law. 28

U. S. C. §1257(a). And the Oregon Supreme Court here based its legal conclusion in relevant part on federal law. The court pointed out that *state* law permits the introduction (at a new sentencing hearing) of "'evidence . . . *relevant* to [the] sentence including . . . mitigating evidence *relevant* to . . . [w]hether the defendant should receive a death sentence.'" App. to Pet. for Cert. 45 (quoting Ore. Rev. Stat. §§163.150(1)(a), (b) (2003); emphasis added and deleted). But it immediately added that the state law's words "relevant . . . mitigating evidence" refer (in the present context) only to evidence that the *Federal Constitution* grants a defendant the right to present. App. to Pet. for Cert. 45–52.

The Oregon court went on to discuss this Court's statements to the effect that the Eighth and Fourteenth Amendments "'require that the sentencer . . . not be precluded from considering, as a mitigating factor . . . any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.'" *Id.*, at 54 (quoting *Lockett* v. *Ohio,* 438 U. S. 586, 604 (1978) (plurality opinion); emphasis deleted); cf. App. to Pet. for Cert. 56 (recognizing that this aspect of *Lockett* was adopted by a majority of the Court in *Eddings* v. *Oklahoma,* 455 U. S. 104, 110 (1982)). And the Oregon court then interpreted this Court's holding in *Green* v. *Georgia,* 442 U. S. 95 (1979) *(per curiam)*, as including, within that federal admissibility requirement, evidence which, like the proffered alibi testimony, tends to show that the defendant did not commit the crime for which he has been convicted. Thus, it held that state law demanded "admissibility" solely for a federal reason. And we possess jurisdiction. See, *e.g., South Dakota* v. *Neville,* 459 U. S. 553, 556, n. 5 (1983); *Delaware* v. *Prouse,* 440 U. S. 648, 651–653 (1979).

Neither are we persuaded by Guzek's argument that we should dismiss the case because irrespective of federal law and irrespective of the Oregon Supreme Court's federal

holding, Oregon law gives him the right to introduce witnesses who testified at the guilt phase; and his mother was such a witness (a fact, he says, that the Oregon Supreme Court overlooked). Guzek points in support to an Oregon capital-case resentencing statute that says,

> "[a] transcript of all testimony and all exhibits and other evidence properly admitted in the prior trial . . . are admissible in the new sentencing proceeding." Ore. Rev. Stat. §138.012(2)(b) (2003).

The provision adds that,
> "[e]ither party may recall any witness who testified at the prior trial . . . and may present additional relevant evidence." *Ibid.*

We do not doubt that these provisions give Guzek the state–law right to introduce a *transcript* of guilt-phase testimony. App. to Pet. for Cert. 43 (authorizing introduction of transcript of Guzek's grandfather's alibi testimony). But Guzek wishes to do more than introduce a *transcript* of his mother's alibi evidence; he wishes to call his mother to the stand as a live witness and elicit *additional* alibi testimony. Tr. of Oral Arg. 37–39, 41, 55–56. The Oregon statute quoted above does not expressly say whether he may do so. It does give him the right to "recall any witness" who testified at the first trial and to "present additional *relevant* evidence." (Emphasis added.) But is this additional evidence "relevant"? The Oregon Supreme Court thought so, but only because *federal* law insists upon its relevance. And its opinion suggests that, in the absence of federal compulsion, it would not fall within the scope of the state statutory word "relevant." See *supra*, at 3.

At most, Guzek has shown that state law *might,* not that it *does,* independently give him the right to introduce this evidence. We have made clear that "a *possible* adequate and independent state ground" for a decision does not "bar

[our] reaching the federal questions" where, as here, a "State Supreme Court quite clearly rested its [decision] solely on the Federal Constitution." *California* v. *Ramos,* 463 U. S. 992, 997, n. 7 (1983); see also *City of Revere* v. *Massachusetts Gen. Hospital,* 463 U. S. 239, 242 (1983); *United Air Lines, Inc.* v. *Mahin,* 410 U. S. 623, 630–631 (1973). And we consequently deny the motion to dismiss the writ.

## III

As our discussion in Part II, *supra,* makes clear, the federal question before us is a narrow one. Do the Eighth and Fourteenth Amendments grant Guzek a constitutional right to present evidence of the kind he seeks to introduce, namely *new* evidence that shows he was not present at the scene of the crime. That evidence is *inconsistent* with Guzek's prior conviction. It sheds no light on *the manner* in which he committed the crime for which he has been convicted. Nor is it evidence that Guzek contends was unavailable to him at the time of the original trial. And, to the extent it is evidence he introduced at that time, he is free to introduce it now, albeit in transcript form. Ore. Rev. Stat. §138.012(2)(b) (2003). We can find nothing in the Eighth or Fourteenth Amendments that provides a capital defendant a right to introduce new evidence of this kind at sentencing.

We cannot agree with the Oregon Supreme Court that our previous cases have found in the Eighth Amendment a constitutional right broad enough to encompass the evidence here at issue. In *Lockett* v. *Ohio, supra*, a plurality of this Court decided that a defendant convicted of acting in concert with others to rob and to kill could introduce at the sentencing stage evidence that she had played a minor role in the crime, indeed, that she had remained outside the shop (where the killing took place) at the time of the crime. A plurality of the Court wrote that,

> "the Eighth and Fourteenth Amendments require that the sentencer . . . not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and *any of the circumstances of the offense that the defendant proffers* as a basis for a sentence less than death." *Id.,* at 604 (emphasis added and deleted).

And in *Eddings* v. *Oklahoma,* 455 U. S. 104, the Court majority adopted this statement. See also *McCleskey* v. *Kemp,* 481 U. S. 279, 306 (1987); *Bell* v. *Ohio,* 438 U. S. 637, 642 (1978) (plurality opinion).

But the evidence at issue in these cases was traditional sentence-related evidence, evidence that tended to show *how,* not *whether,* the defendant committed the crime. Nor was the evidence directly inconsistent with the jury's finding of guilt.

The Oregon Supreme Court thought that this latter distinction—the fact that the "alibi evidence was inconsistent with," rather than "consistent with[,] the underlying convictions"—did not matter. App. to Pet. for Cert. 58. It said that this "factual distinction . . . is of no consequence in light of the Supreme Court's decision in *Green v. Georgia.*" *Ibid.* In *Green,* however, the Court focused upon a defendant convicted of murder, who sought to introduce at sentencing a statement his confederate made to a third party that he (the confederate) had alone committed the murder (*i.e.,* without the defendant). The State opposed its use at the defendant's sentencing hearing *on the ground that, as to the defendant, it was hearsay.* The Court, in a brief *per curiam* opinion, noted that the State had used the confession in the confederate's trial, referred to an earlier case holding that the Constitution forbids States from "'mechanistically'" applying the hearsay rule "'to defeat the ends of justice,'" and held that the Constitution prohibited the State from barring use of the confes-

sion. 442 U. S., at 97 (quoting *Chambers* v. *Mississippi,* 410 U. S. 284, 302 (1973)). The opinion focused only upon the hearsay problem, and it implicitly assumed that, in the absence of the hearsay problem, *state* law would not have blocked admission of the evidence.

In any event, subsequent to *Green,* this Court decided *Franklin* v. *Lynaugh*, 487 U. S. 164 (1988) (plurality opinion), and that case makes clear, contrary to the Oregon Supreme Court's understanding, that this Court's previous cases had *not* interpreted the Eighth Amendment as providing a capital defendant the right to introduce at sentencing evidence designed to cast "residual doubt" on his guilt of the basic crime of conviction. The *Franklin* plurality said it was "quite doubtful" that any such right existed. *Id.*, at 173, n. 6. And two other Members of the Court added that "[o]ur cases" do not support any such "right to reconsideration by the sentencing body of lingering doubts about . . . guilt." *Id.*, at 187 (O'Connor, J., concurring in judgment). See also *Penry* v. *Lynaugh,* 492 U. S. 302, 320 (1989) (characterizing *Franklin* as a case in which a majority "agreed that 'residual doubt' as to Franklin's guilt was not a constitutionally mandated mitigating factor" (brackets omitted)).

*Franklin* did not resolve whether the Eighth Amendment affords capital defendants such a right, for the plurality held that the sentencing scheme at issue was constitutional "even if such a right existed." 487 U. S., at 174. But the Court's statements on the matter make clear that the Oregon Supreme Court erred in interpreting *Green* as providing a capital defendant with a constitutional right to introduce residual doubt evidence at sentencing.

In this case, we once again face a situation where we need not resolve whether such a right exists, for, even if it does, it could not extend so far as to provide this defendant with a right to introduce the evidence at issue. See, *e.g., Alabama State Federation of Labor* v. *McAdory,* 325 U. S.

450, 461–462 (1945). The Eighth Amendment insists upon
"'reliability in the determination that death is the appro-
priate punishment in a specific case.'" *Penry, supra,* at 328
(quoting *Woodson* v. *North Carolina,* 428 U. S. 280, 305
(1976) (plurality opinion)). The Eighth Amendment also
insists that a sentencing jury be able "to consider and give
effect to mitigating evidence" about the defendant's "char-
acter or record or the circumstances of the offense." *Penry,
supra,* at 327–328. But the Eighth Amendment does not
deprive the State of its authority to set reasonable limits
upon the evidence a defendant can submit, and to control
the manner in which it is submitted. Rather, "States are
free to structure and shape consideration of mitigating
evidence 'in an effort to achieve a more rational and equita-
ble administration of the death penalty.'" *Boyde* v. *Califor-
nia,* 494 U. S. 370, 377 (1990) (quoting *Franklin, supra*, at
181 (plurality opinion)); see, *e.g., Johnson* v. *Texas,* 509 U. S.
350, 362 (1993); *California* v. *Brown,* 479 U. S. 538, 543
(1987).

Three circumstances, taken together, convince us that
the State possesses the authority to regulate, through
exclusion, the evidence that Guzek seeks to present. First,
sentencing traditionally concerns *how,* not *whether,* a
defendant committed the crime. See United States Sen-
tencing Commission, Guidelines Manual §1A1.1, editorial
note, §4(a), p. 4 (Nov. 2004). But the evidence at issue
here—alibi evidence—concerns only *whether,* not *how,* he
did so.

Second, the parties previously litigated the issue to
which the evidence is relevant—whether the defendant
committed the basic crime. The evidence thereby attacks
a previously determined matter in a proceeding at which,
in principle, that matter is not at issue. The law typically
discourages collateral attacks of this kind. Cf. *Allen* v.
*McCurry,* 449 U. S. 90, 94 (1980) ("As this Court and other
courts have often recognized, res judicata and collateral

estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication").

Third, the negative impact of a rule restricting defendant's ability to introduce *new* alibi evidence is minimized by the fact that Oregon law gives the defendant the right to present to the sentencing jury *all* the evidence of innocence from the original trial regardless. That law permits the defendant to introduce at resentencing transcripts and exhibits from his prior trial. Ore. Rev. Stat. §138.012(2)(b) (2003). The defendant here has not claimed that the evidence at issue was unavailable at the time of his original trial. Thus, he need only have introduced it at that time to guarantee its presentation (albeit through transcripts) to a resentencing jury as well.

The legitimacy of these trial management and evidentiary considerations, along with the typically minimal adverse impact that a restriction would have on a defendant's ability to present his alibi claim at resentencing convinces us that the Eighth Amendment does not protect defendant's right to present the evidence at issue here. We conclude that the Oregon court was wrong in holding to the contrary.

IV

Guzek also contends that, even if the Eighth and Fourteenth Amendments do not mandate the admission of his mother's testimony, he is entitled to introduce that evidence to impeach his associates, whose earlier testimony the government intends to introduce at resentencing. The Oregon Supreme Court did not address this issue; nor do we believe it fairly encompassed within the question presented. The Oregon courts are free to consider it on remand should they believe it appropriate to do so.

V

For these reasons, we vacate the judgment of the Oregon Supreme Court, and we remand the case for proceedings not inconsistent with this opinion.

*It is so ordered.*

JUSTICE ALITO took no part in the consideration or decision of this case.

# SUPREME COURT OF THE UNITED STATES

No. 04–928

OREGON, PETITIONER *v.* RANDY LEE GUZEK

ON WRIT OF CERTIORARI TO THE SUPREME COURT OF OREGON

[February 22, 2006]

JUSTICE SCALIA, with whom JUSTICE THOMAS joins, concurring in the judgment.

In this case, we have the opportunity to put to rest, once for all, the mistaken notion that the Eighth Amendment requires that a convicted capital defendant be given the opportunity, at his sentencing hearing, to present evidence and argument concerning residual doubts about his guilt. Although the Court correctly holds that there is no Eighth Amendment violation in this case, I would follow the Court's logic to its natural conclusion and reject all Eighth Amendment residual-doubt claims.

I agree with the Court that we have jurisdiction and should exercise it in this case. What requires me to withhold agreement to the Court's opinion is the last of the "[t]hree circumstances" on which it relies, *ante*, at 8–9— namely, "the fact that Oregon law gives the defendant the right to present to the sentencing jury *all* the evidence of innocence from the original trial." *Ante*, at 9 (emphasis in original). The first two of the circumstances are alone sufficient to dispose of the claim that the Eighth Amendment guarantees a capital defendant a *second* opportunity, at sentencing, to litigate his innocence. In fact, the Court's third "circumstance" is an analytical misfit in the company of the other two. The first two—that "sentencing traditionally concerns *how,* not *whether*, a defendant committed the crime," *ante*, at 8, and that "the parties

previously litigated the issue to which the evidence is relevant," *ibid.*—show that compelling the admission of innocence-related evidence would be *improper* and *unnecessary* at a sentencing hearing. The third, by contrast, suggests that there is no constitutional violation in this case because *enough* of such evidence may be admitted on remand. The latter factor would be relevant only if the former two were not.

If we needed any third factor to justify our holding, a better candidate would be that the claim we consider here finds no support in our Nation's legal history and traditions. In 1986, Justice Marshall correctly observed that there had been "few times in which any legitimacy has been given to the power of a convicted capital defendant facing the possibility of a death sentence to argue as a mitigating factor the chance that he might be innocent." *Lockhart* v. *McCree*, 476 U. S. 162, 205 (dissenting opinion). Nothing has changed on that score in the last 20 years. On the contrary, in *Franklin* v. *Lynaugh*, 487 U. S. 164 (1988), four Members of this Court noted that our "prior decisions . . . fail to recognize a constitutional right to have such doubts considered as a mitigating factor," *id.*, at 174 (plurality opinion). They were, moreover, "quite doubtful" that the purported right existed, because it is "arguably inconsistent with the common practice of allowing penalty-only trials on remand of cases where a death sentence—but not the underlying conviction—is struck down on appeal." *Id.*, at 173, n. 6. Two other Members of the Court would have rejected the claim outright. *Id.*, at 187 (O'Connor, J., concurring in judgment).

After *Franklin*, the lower courts have unanimously denied constitutional claims like the one we consider today. See, *e.g.*, *Ziegler* v. *Crosby*, 345 F. 3d 1300, 1310 (CA11 2003); *Evans* v. *Thompson*, 881 F. 2d 117, 121 (CA4 1989); *Duest* v. *State*, 855 So. 2d 33, 40–41 (Fla. 2003); *Commonwealth* v. *Fisher*, 572 Pa. 105, 115–116, 813 A. 2d

761, 767 (2002); *People* v. *Emerson*, 189 Ill. 2d 436, 501–504, 727 N. E. 2d 302, 338–339 (2000); *State* v. *Fletcher*, 354 N. C. 455, 470–472, 555 S. E. 2d 534, 544 (2001); *Melson* v. *State*, 775 So. 2d 857, 898–899 (Ala. Crim. App. 1999). The last apparent scrap of authority for the contrary view came from our cryptic opinion in *Green* v. *Georgia*, 442 U. S. 95 (1979) *(per curiam),* on which the Oregon Supreme Court principally relied. See App. to Pet. for Cert. 58–62. The chief virtue of today's opinion lies in its discarding the notion that *Green* provides any support for an Eighth Amendment right to argue residual doubt at sentencing. See *ante*, at 6–7.

In mentioning, however, the superfluous circumstance that Oregon law happens to provide for the admission at sentencing of *some* evidence that relates to innocence, the Court risks creating doubt where none should exist. Capital defendants might now be tempted to argue that the *amount* of residual-doubt evidence carried over from the guilt phase in their sentencing hearings is insufficient to satisfy the Court's third factor. Every one of these "residual-doubt" claims will be meritless in light of the Court's first two factors. We should make this perfectly clear today.