**Michael Eugene McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00142–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 18, 2006.

Ken Goode, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Lori Deangelo Fix, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

**OPINION**

SAM NUCHIA, Justice.

A jury found appellant, Michael Eugene McGee, guilty of unauthorized use of a motor vehicle. Appellant pleaded true to

two prior felony convictions, and the jury assessed punishment at 20 years' imprisonment. Appellant challenges his conviction on the grounds that testimony offered by the State during the penalty phase of the trial was not relevant to sentencing. For the reasons that follow, we affirm.

## BACKGROUND

At trial, complainant, Dorothy O'Brien, testified that shortly after midnight, on April 16, 2004, she pulled into a gas station after completing a catering job. As she got out of her vehicle, appellant grabbed her from behind, put a knife to her throat, and pushed her into her car. She further testified that appellant drove her vehicle to his friend's vacant apartment and held her hostage for eight hours. Sometime during the early morning hours, complainant noticed that appellant had left the apartment, whereupon she fled and was assisted by a tenant of the apartment complex, who took her to the leasing office to call the authorities. Complainant testified that she did not need medical attention and was taken home in a cab.

Appellant's version of the events differed. Appellant testified that he met the complainant at the house of a friend, who operated an after-hours "bootlegger" joint. Appellant explained that complainant was drinking at his friend's house when he arrived that evening, and that he and complainant drank there together from about 8:00 p.m. until midnight. Complainant then offered him a ride home. However, upon discovering that she was too intoxicated to drive, he drove her to his friend's vacant apartment to sober up. Appellant denied abducting her at knifepoint and stated that they talked at the vacant apartment for about six hours. According to appellant, complainant let him borrow her

car at about 6:00 a.m. to go to his ex-girlfriend's house, and he planned on being gone for about 20–30 minutes. Appellant testified that he entered his ex-girlfriend's house, leaving the keys in complainant's car, and that when he came back outside, the car was gone.

The jury acquitted appellant of aggravated robbery, but found him guilty of the lesser-included offense of unauthorized use of a motor vehicle.[1] During the punishment phase of the trial, the court, over appellant's objection that the testimony amounted to the State's attempting to re-litigate appellant's guilt as to the aggravated robbery, allowed the State to put on three witnesses who testified about the complainant's whereabouts the night of the incident. The State argued at trial that the testimony was evidence of a prior bad act, perjury. Appellant's counsel argued, "[W]ho's to say that because these witnesses testified to different facts that that necessarily means he committed perjury?" The trial court reasoned, "I guess the jury is to say." The trial court added, "[B]ut I think the words of the Code itself lets this is in ... on a bad act if the jury makes the decision that in fact, this is an extraneous [offense] of perjury."

The first witness testified that he helped complainant unload her car with food to be catered at a bachelorette party at 9:05 p.m. He also testified that he helped her reload her car around 10:00 p.m., and accompanied her to TT's Lounge. Finally, he testified that he saw complainant leave TT's Lounge with another woman at about 12:45 p.m. and that he never saw appellant and complainant together that night. The second witness, a friend of complainant, testified that complainant picked her up at her house around 9:00 p.m. and brought

---

1. The indictment only charged appellant with aggravated robbery, and the unauthorized use of a motor vehicle charge was added by the trial court at the charge conference as a lesser-included offense.

her back home at about 1:00 a.m. The third witness, complainant's neighbor, testified that, around 8:45 p.m. on the evening in question, he helped complainant load her car with coolers of food to be catered at a bachelorette party. He also testified as to when complainant came home the following morning:

Q: Do you remember—do you remember her coming home in a cab that day at any point or how she got home that day, that following morning when you didn't see her car?

A: It was about that afternoon, I think. No. I don't know exactly what time, but I did see her come in a cab. I know it was in the early morning time. I don't know if it was noon or not.

Q: So she did end up coming home in a cab and she didn't have her car?

A: No, she didn't have her car.

The jury assessed appellant's punishment for unauthorized use of a motor vehicle at the statutory maximum of 20 years.

## DISCUSSION

In his sole point of error, appellant argues that the testimony of the three witnesses offered by the State during the punishment phase of trial was not relevant to determining his punishment under article 37.07 of the Texas Code of Criminal Procedure and implicated his Fifth Amendment right against double jeopardy.

■ The standard of review for a trial court's admission or exclusion of evidence is abuse of discretion. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996). As long as the trial court's evidentiary ruling is within the zone of reasonable disagreement, an appellate court may not disturb it. *Id.* at 102.

Article 37.07 of the Texas Code of Criminal Procedure reads:

[R]egardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Supp.2005). In *Erazo v. State*, the Court of Criminal Appeals explained that, insofar as concerns this portion of the code, "relevance during the punishment phase of a non-capital trial is determined by what is helpful to the jury." 144 S.W.3d 487, 491 (Tex.Crim.App.2004) (emphasis omitted).

Appellant argues that because the jury necessarily believed his version of the events of the incident, at least as concerns the aggravated robbery, the State was impermissibly trying to relitigate the guilt/innocence portion of the trial by having witnesses testify to events and circumstances surrounding the aggravated robbery rather than the unauthorized use of a motor vehicle.

In support of his contention, appellant cites *Bisby v. State* and *Garcia v. State*. 907 S.W.2d 949, 959–60 (Tex.App.-Fort Worth, 1995 pet. ref'd); 704 S.W.2d 495, 498–99 (Tex.App.-Corpus Christi, 1986 no pet.). The *Bisby* Court held that a defendant's attempt to introduce evidence at the punishment phase of the trial that he was not the person who shot complainant was irrelevant because it concerned his guilt or

innocence, not the proper punishment. *Bisby*, 907 S.W.2d at 959–60. Likewise, the *Garcia* Court upheld the trial court's exclusion of the defendant's attempt to introduce impeachment evidence that the State's witnesses had consumed more alcohol at the time of the incident than they had admitted to because "[s]uch impeachment evidence might be collateral testimony regarding appellant's guilt, but would be of no import in determining punishment so as to require reversal." *Garcia*, 704 S.W.2d at 499; *see also Oregon v. Guzek*, — U.S. ——, ——, 126 S.Ct. 1226, 1228, 163 L.Ed.2d 1112 (2006) (holding that there is no Eighth of Fourteenth Amendment rights to present alibi evidence at punishment phase of capital murder trial).

▇▇▇▇ We hold that, in a case like this where there is an acquittal on one of the charges and a conviction on another the State cannot relitigate the acquittal at the punishment phase hearing by introducing testimony that is relevant only to the charge on which the defendant was acquitted. However, we must still determine whether the evidence in the present case constitutes such impermissible relitigation. Article 37.07 states that evidence of prior bad acts is admissible at the punishment phase if they can be established beyond a reasonable doubt. TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Supp. 2005). The trial court admitted the testimony of the three witnesses under the theory that the evidence was relevant to show the prior bad act of perjury by appellant during the guilt/innocence phase of the trial. We agree with the trial court. If the three witnesses' testimony was true, then appellant was not telling the truth when he testified during the guilt stage. This constitutes the offense of aggravated perjury. *See* TEX. PEN.CODE ANN. § 37.03 (Vernon 2005). We hold that the trial court did not abuse its discretion in admitting the evidence.

Accordingly, we overrule appellant's sole point of error.

## CONCLUSION

We affirm the judgment of the trial court.

Justice KEYES dissenting in part, concurring in part, and concurring in the judgment.

EVELYN V. KEYES, Justice, concurring and dissenting.

I dissent in part. The majority "holds" that "in a case like this, where there is an acquittal on one of the charges and a conviction on another the State cannot relitigate the acquittal at the punishment phase hearing by introducing testimony that is relevant only to the charge [of] which the defendant was acquitted." However, as the majority correctly concludes, the testimony of the State's additional witnesses was *not* introduced to relitigate the charge of which appellant was *acquitted;* it was introduced at the punishment phase of appellant's trial as evidence of an extraneous bad act to help the jury to determine the proper punishment for the crime of which appellant was *convicted.* Therefore, the foregoing "holding" is advisory. *See Garrett v. State*, 749 S.W.2d 784, 803 (Tex. Crim.App.1988) (opinion on denial of rehearing) (stating, "An advisory opinion results when a court attempts to decide an issue that does not arise from an actual controversy capable of final adjudication," and, instead, "anticipate[s] a controversy and assume[s] hypothetical facts"). This Court has no constitutional or statutory power to render an advisory opinion. *See* TEX. CONST. art. V, § 6; *Gonzales v. State*, 864 S.W.2d 522, 523 (Tex.Crim.App.1993); *Garrett*, 749 S.W.2d at 803–04; *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 647 (1933). I dissent from the majority's characterization of its agreement with prior

case law regarding a matter not properly before it for final adjudication as a "holding."

I concur in the majority's holding that the evidence of appellant's extraneous bad act was properly admitted.