KONENKAMP, Justice
(dissenting on Issue 1).
[¶ 77.] When a death sentence is reversed and remanded for resentencing, and the sentencing court is thus required to determine anew whether to impose a sentence of life or death, there is no rational basis to deny the defendant the opportunity to present for the court’s deliberation any newly available mitigation evidence. It makes no difference here whether our remand was limited. The sentencing court was ordered to “conduct a sentencing without” the error in the previous sentencing, and therefore, it had to reevaluate all the appropriate factors and evidence, absent the erroneously considered matter. Federal constitutional law and our own jurisprudence require that the sentencing court consider any new mitigation evidence.
I.
[¶ 78.] Death is the ultimate penalty. It cannot be undone. It is thus an “ ‘indispensable part of the process of inflicting the penalty of death’ ” that the sentencing process “permit the consideration of the ‘character and record of the individual offender and the circumstances of the particular offense[.]’ ” Lockett v. Ohio, 438 U.S. 586, 601, 98 S.Ct. 2954, 2963, 57 L.Ed.2d 973 (1978) (quoting Woodson v. North Carolina, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976)); Skipper v. South Carolina, 476 U.S. 1, 4, 106 S.Ct. 1669, 1670-71, 90 L.Ed.2d 1 (1986). Yet, after today’s decision, courts will be required to ignore any current mitigation evidence in deciding life or death if that court is resentencing an offender because of an error in the previous sentencing process. This limitation “creates the risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty[,]” a risk “unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments.” See Lockett, 438 U.S. at 605, 98 S.Ct. at 2965. Our Court ignores the fundamental tenets of the Eighth Amendment in holding, as a matter of law, that a defendant sentenced to death has no right to present newly discovered, otherwise admissible, mitigating evidence when resentenced, because that defendant had an opportunity to present mitigation evidence at the original sentencing hearing.
*73 [¶79.] A right to mitígate one’s sentence in a capital case is not merely a statutory right, but a constitutional guarantee. Id. at 608, 98 S.Ct. at 2967. Contrary to the Court’s claim, Lockett, Eddings, and Skipper are not clearly distinguishable; nor is this case akin to Roberts, 998 N.E.2d at 1108 or Guzek, 546 U.S. 517, 126 S.Ct. 1226.[17] This case directly implicates the precept that in order to decide “a mattpr so grave as the determination of whether a hüman life should be taken or scared,” see Gregg, 428 U.S. at 189, 96 S.Ct. at 2932 (citing Furman, 408 U.S. 238, 92 S.Ct. 2726), “the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect of a defendant’s character or record and any Of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.” See Lockett, 438 U.S. at 604, 98 S.Ct. at 2964-65.
[¶ 80.] Other courts have likewise held that the holding in Skipper, 476 U.S. at 8, 106 S.Ct. at 1672-73, that a defendant should be allowed to present any available mitigating evidence requires that, at resen-fencing, a court must consider any new evidence that the defendant has developed since the initial sentencing hearing. See, e.g., Davis v. Coyle, 475 F.3d 761, 771 (6th Cir.2007); Robinson v. Moore, 300 F.3d 1320, 1345-48 (11th Cir.2002); Smith v. Stewart, 189 F.3d 1004, 1008-14 (9th Cir.1999); Spaziano v. Singletary, 36 F.3d 1028, 1032-35 (11th Cir.1994); Alderman v. Zant, 22 F.3d 1541, 1556-57 (11th Cir.1994); Creech v. Arave, 947 F.2d 873, 881 (9th Cir.1991), rev’d on other grounds by Arave v. Creech, 507 U.S. 463, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993); Sivak, 731 P.2d at 197-98.[18]
II.
[¶ 81.] Our own precedent also dictates that it is error not to consider Berget’s newly available, otherwise admissible, mitigation evidence. In Butt IV, this Court made clear that a sentencing court has the duty to “acquaint itself thoroughly “with the character and history of the man before it,’ ” and a failure to do so denies a defendant “a meaningful sentencing hearing in accordance with our statutes and general principals of due process.” 1996 S.D. 20, ¶¶ 8, 13, 544 N.W.2d at 216-17 (quoting State v. Pack, 516 N.W.2d 665, *74 667 (S.D.1994)). We reversed Butt’s sentence specifically because the sentencing court failed to consider Butt’s current mitigation evidence, despite the fact that Butt had an error-free original sentencing hearing ten years earlier. See id. ¶ 14.
[If 82.] In 1988, Butt had been sentenced to life without the possibility of parole, a sentence originally affirmed and later reversed. State v. Bult (Bult I), 351 N.W.2d 731 (S.D.1984); Bult v. Leapley (Bult II), 507 N.W.2d 325, 328 (S.D.1993). After Butt’s first resentencing hearing, during which the court held a full eviden-tiary hearing, the sentencing court again sentenced Butt to life without the possibility of parole. Bult III, 529 N.W.2d at 199. On appeal for the third time, we reversed the sentence and “remand[ed] again for resentencing, with instructions that the sentencing court shall impose an appropriate term of years.” Id. at 200. We did not specifically instruct the court to conduct a full sentencing hearing. Id. Yet, when, on remand, the sentencing court did not hold a new evidentiary hearing and sentenced Butt to 300 years, Butt appealed asserting that his 300-year sentence constituted cruel and unusual punishment and that he was denied a meaningful sentencing hearing. Bult IV, 1996 S.D. 20, ¶¶ 6-7, 544 N.W.2d at 216.
[¶ 83.] On appeal, we held that a sentencing court had an “obligation,” on remand for resentencing, to update itself on what actions the defendant had taken between the reversal of the court’s resen-tence and the court’s second rehearing to pronounce a new sentence. Id. ¶ 12. We did not rely on the “nature of the error,” or language from Bult III that “permitted a full sentencing hearing on remand[.]” See supra Majority Opinion n. 9. We also did not express concern for maintaining “judicial efficiency” and avoiding “arbitrary outcomes.” Rather, we focused on the sentencing court’s duty to thoroughly acquaint itself with the current character and history of the defendant before it.
III.
[¶ 84.] “Sentencing decisions are perhaps the most difficult responsibility for trial judges, encompassing circumstances both obvious and elusive.” State v. Bonner, 1998 S.D. 30, ¶11, 577 N.W.2d 575, 578. The task becomes even more difficult when we declare, as a matter of law, that trial courts must cull out previous portions of their deliberations on resentencing, but cannot consider current mitigation that may bear on the question of life or death. Because resentencing requires courts to reevaluate and reweigh the factors that went into their initial decision, they should also consider any new evidence that the defendant has developed since the initial sentencing hearing. Doing otherwise infringes on Eighth Amendment protections and violates our own established jurisprudence.
[¶ 85.] Berget’s sentence should be remanded for a new sentencing hearing. This result is the only one consistent with our precedent and “ensure[s] the reliability, under Eighth Amendment standards, of the determination that ‘death is the appropriate punishment in a specific case.’ ” See Lockett, 438 U.S. at 601, 98 S.Ct. at 2963 (quoting Woodson, 428 U.S. at 305, 96 S.Ct. at 2991).

. Despite this Court’s claim, Guzek is not "instructive in a broader sense.” See supra Majority Opinion ¶ 44. Guzek ruled that a defendant is not entitled to present new evidence of his innocence during a sentencing hearing because the guilt and sentencing phases are different, the issue of guilt had already been litigated, and trial management and evidentiary considerations control. 546 U.S. at 526-27, 126 S.Ct. at 1232-33. Here, however, Berget's attempt to introduce new mitigation evidence at senterlcing in no way implicates the guilt phase and does not involve an issue already litigated (his sentence was vacated). Moreover, (here is no comparable concern for trial management and evi-dentiary consideration. Ori the contrary, before resentencing a defendant, the court must consider the character apd history of the defendant before it. Considering newly discovered, otherwise admissible, mitigation evidence fulfills that duty. Because Guzek specifically involved the difference between the guilt and sentencing phases and in no way addressed what evidence is admissible when a defendant is resentenced, Guzek bears no instructive value here.

. The Court’s concern here about the "negative consequences” of allowing newly available mitigation evidence at resentencing was adequately answered by the Idaho Supreme Court in Sivak: "Needless to say, a sentencing judge will not have to consider such post-sentence mitigation evidence as will be submitted in this case if [the judge] conducts a proper sentencing procedure in the first place.” Id. at 198 n. 3.