COMMONWEALTH *vs.* JAMES M. PAPADINIS.

Essex. February 1, 1988. — April 4, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Homicide. Evidence,* State of mind, Relevancy and materiality. *Error,* Harmless.

At the trial of an indictment for first degree murder on which the defendant was found guilty of involuntary manslaughter in the death of a police officer who had stopped the defendant's motor vehicle for minor traffic violations, it was prejudicial error for the judge to exclude relevant, noncumulative testimony of the defendant offered to show his state of mind at the time of the alleged crime. [74]

At the retrial of an indictment on which, at his first trial, the defendant had been found guilty of involuntary manslaughter, the defendant's proffered testimony as to his state of mind at the time of the alleged crime would neither be rendered excludable on the ground of remoteness in time, nor made immaterial, by the fact that the defendant had in mind an incident involving the victim that he thought had occurred several years earlier. [74-75]

INDICTMENT found and returned in the Superior Court Department on June 26, 1985.

The case was tried before *Peter F. Brady,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Albert L. Hutton, Jr.,* for the defendant.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The Appeals Court held that the defendant, convicted of involuntary manslaughter on an indictment charging murder in the first degree, was entitled to a new trial because the trial judge erroneously ruled as a matter of law that evidence concerning the defendant's state of mind at the time of the alleged crime was inadmissible. *Commonwealth* v. *Papadinis,* 23 Mass. App. Ct. 570 (1987). The defendant

caused the death of a Saugus police officer who had stopped the defendant for minor traffic violations. When the officer asked the defendant to get out of the motor vehicle, the defendant instead drove off, dragging the officer to his death.

We granted the Commonwealth's application for further appellate review. We have no question that the defendant should have been permitted to say what he was thinking at the time he drove off. Certainly, evidence of the defendant's state of mind was relevant on the charge of murder (which is now foreclosed by the jury's verdict) and, for the reasons given by the Appeals Court, that evidence was also relevant on the manslaughter charge. When a defendant's state of mind or his knowledge is a factor in the proof of a crime, his proffered testimony concerning his state of mind or knowledge must be admitted.

The question then is whether the exclusion of the evidence was not significantly prejudicial to the defendant, and thus a new trial is not required. One has a sense from the evidence that the defendant was fortunate to avoid a conviction of murder and that no jury would be likely to conclude the entire incident was an accident. A manslaughter verdict seems as favorable a result as the defendant was (or is) likely to obtain. The Appeals Court carefully considered the question whether the error did not prejudice the defendant and rightly concluded that prejudice was possible and that it was for the jury, and not for appellate courts, to weigh evidence. *Id.* at 575.

The excluded evidence was not cumulative. The defendant's testimony was the only source of his asserted knowledge of the officer's past conduct. If believed, that evidence lends support, unlike any other evidence, to the defendant's claim that, when the officer reached for his gun, he was scared and drove off so that he would not be shot.

The Appeals Court thought that the judge would have had discretion to exclude the evidence on the ground of remoteness if the defendant did not show that the earlier incident, which occurred in 1977, had been the subject of media comment in 1983. *Id.* at 573-574. We disagree. The matter of remoteness may have had a bearing on the weight to give the defendant's

testimony, but what the defendant thought at the time of the incident was neither remote nor made immaterial because he had in mind an incident that he thought had occurred some years earlier.

We took this case on further review to see whether there is any justifiable reason to affirm the verdict and to avoid a new trial. We conclude that there is none.

> *Judgment of the Superior*
> *Court reversed.*
>
> *Verdict set aside.*