165 P.3d 238

**STATE of Arizona ex rel. Andrew P. THOMAS, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Sally S. DUNCAN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**William Joseph Reagan, Jr., Real Party in Interest.**

**No. 1 CA–SA 07–0124.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 21, 2007.

Andrew P. Thomas, Maricopa County Attorney by Andrea L. Kever, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

James P. Haas, Maricopa County Public Defender by Roy C. Whitehead, Deputy Public Defender, Phoenix, Attorneys for Real Party in Interest.

## OPINION

BARKER, Judge.

¶ 1 This special action presents the issue of whether evidence of justification in a manslaughter case that would be prohibited un-

der Arizona Revised Statutes ("A.R.S.") sections 13–401(A), –412(C) and –417(C) (2001) if a justification defense were sought, may be admissible if it is relevant on a separate issue. The State of Arizona, Petitioner, asks this court to reverse the trial court's order permitting William Joseph Reagan, Jr., Real Party in Interest, to present such evidence to a jury. For the reasons that follow, we accept jurisdiction and deny relief.

### Facts and Procedural History

¶ 2 On October 29, 2005, Reagan was driving his truck with his brother seated in the passenger seat. Reagan alleges that he was involved in a road rage incident. He claims that the occupants of the other vehicle involved in the incident "made threats that led him to believe that he and his brother were in danger of being seriously injured or perhaps killed." Reagan tried to drive away, but alleges that the other vehicle chased him. Reagan was "fearful and remembers driving quickly because they were being chased and he wanted to get away from the danger." During later investigation, witnesses claimed to have seen another truck either racing with or chasing Reagan's car. Reagan ran a red light while driving approximately seventy-nine to eighty-four miles per hour in a forty mile per hour zone and struck the victim's car, killing her. Reagan had a blood alcohol content of .093 at the time.

¶ 3 The State filed a motion to preclude Reagan from introducing evidence of the chase, arguing it went to the justification defense and was prohibited pursuant to A.R.S. §§ 13–401(A), –412(C), and –417(C) (2001). Following oral argument, the trial court denied the State's motion to preclude. The State filed this special action.

¶ 4 Special action jurisdiction is highly discretionary. *See State ex rel. McDougall v. Superior Court,* 186 Ariz. 218, 219–20, 920 P.2d 784, 785–86 (App.1996). Jurisdiction is appropriate when there is no adequate remedy by way of appeal. *Sun Health Corp. v. Myers,* 205 Ariz. 315, 317, ¶ 2, 70 P.3d 444, 446 (App.2003). The State's ability to appeal in criminal cases is limited by A.R.S. § 13–4032 (2001). The State may appeal "[a]n order granting a motion to suppress the use of evidence." A.R.S. § 13–4032(6). Section 13–4032 does not, however, provide for the appeal of an order denying a motion to suppress or preclude the use of evidence. Thus, § 13–4032 does not provide an avenue for appeal by the State.[1]

¶ 5 Should Reagan be acquitted, the State could not appeal the trial court's order. *See State v. Hunt,* 8 Ariz.App. 514, 522, 447 P.2d 896, 904 (1968). Under these circumstances, the State does not have an adequate remedy by way of appeal. Furthermore, this special action presents a purely legal issue of first impression that is of statewide importance. *State v. Brown,* 210 Ariz. 534, 537–38, ¶¶ 5–6, 115 P.3d 128, 131–32 (App.2005). Accordingly, special action jurisdiction is appropriate here.

### Discussion

¶ 6 The State raises two issues. First, does A.R.S. § 13–401(A) preclude the admission of evidence that is relevant to a justification defense when the defendant is seeking to use the evidence for other legitimate purposes? Second, did the trial court err in its determination that the disputed evidence in this case was relevant to the mens rea element of reckless manslaughter?

### I.

¶ 7 When construing a statute, "[w]e first consider the statute's language." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); *see also State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993) ("[I]n interpreting the meaning of a statute ... [w]e look first to the statute's language...."). "[W]here the [statutory] language is plain and unambiguous, courts

---

1. In the typical scenario, the defendant files a motion in limine to suppress evidence. *See, e.g., State v. Kozlowski,* 143 Ariz. 137, 138, 692 P.2d 316, 317 (App.1984); *State v. Mitchell,* 136 Ariz. 386, 387, 666 P.2d 486, 487 (App.1982). If the trial court grants the motion, the state can have the case dismissed without prejudice and challenge the trial court's suppression of the evidence on direct appeal without resorting to a special action. *See id.* This case is not the typical scenario.

generally must follow the text as written." *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

¶8 For purposes of the present case, the justification defense here is an affirmative defense that the defendant must prove by a preponderance of the evidence. A.R.S. § 13–205(A) (2001).[2] A justification defense is unavailable in certain instances, as provided for in A.R.S. § 13–401(A):

> Even though a person is justified under this chapter in threatening or using physical force or deadly physical force against another, if in doing so such person recklessly injures or kills an innocent third person, the justification afforded by this chapter is unavailable in a prosecution for the reckless injury or killing of the innocent third person.

The unavailability provision applies to the defense of self-defense and other justification defenses. *See* A.R.S. §§ 13–401(A) (stating that unavailability provision applies to "justification *afforded by this chapter*"), 13–402 to –417 (2001 & Supp.2006) (setting forth in that chapter the justification defense of self-defense and other justification defenses). The defenses of duress and necessity are two of the justification defenses set forth in that chapter that are also specifically made unavailable "for offenses involving homicide or

serious physical injury." A.R.S. §§ 13–412(C), –417(C) (2001).[3] Duress and necessity are therefore unavailable in this case irrespective of § 13–401(A).

■ ¶9 Reagan, however, does not claim that he should be able to raise an affirmative defense of justification, be it one of duress, necessity or otherwise. Rather, he asserts that the evidence of the chase is relevant to the mens rea element of reckless manslaughter. The State argues that by introducing evidence that is relevant to a justification defense, Reagan is raising the defense despite his assertion to the contrary. The State urges this court to hold that § 13–401, in prosecutions for the reckless injury or killing of an innocent third person, is an absolute bar to admitting evidence that might support a justification defense even if the evidence is properly admissible for other purposes. We do not agree.

¶10 The language in the statutes cited by the State bars the use of *defenses* to a charged offense. *See* A.R.S. §§ 13–401(A) ("the justification *afforded by this chapter* [chapter 4: Justification] is unavailable in a prosecution for the reckless injury or killing of the innocent third person"), –412(C) ("*the defense* provided by subsection A [duress] is unavailable for offenses involving homicide or serious physical injury"), and –417(C) ("An

2. The legislature amended the statute to make the justification defense a non-affirmative defense and shifted the burden to the State to prove beyond a reasonable doubt that the defendant did not act with justification. A.R.S. § 13–205(A) (Supp.2006). The amendment does not apply to acts committed prior to April 24, 2006. *Garcia v. Browning,* 214 Ariz. 250, 254, ¶20, 151 P.3d 533, 537 (2007). Accordingly, we apply the previous version of the statute.

3. The statutes defining the defenses of duress and necessity are set forth in full as follows:
   Duress
   A. Conduct which would otherwise constitute an offense is justified if a reasonable person would believe that he was compelled to engage in the proscribed conduct by the threat or use of immediate physical force against his person or the person of another which resulted or could result in serious physical injury which a reasonable person in the situation would not have resisted.
   B. The defense provided by subsection A is unavailable if the person intentionally, knowingly or recklessly placed himself in a situation

in which it was probable that he would be subjected to duress.
C. The defense provided by subsection A is unavailable for offenses involving homicide or serious physical injury.
A.R.S. § 13–412.
   Necessity defense
   A. Conduct that would otherwise constitute an offense is justified if a reasonable person was compelled to engage in the proscribed conduct and the person had no reasonable alternative to avoid imminent public or private injury greater than the injury that might reasonably result from the person's own conduct.
   B. An accused person may not assert the defense under subsection A if the person intentionally, knowingly or recklessly placed himself in the situation in which it was probable that the person would have to engage in the proscribed conduct.
   C. An accused person may not assert the defense under subsection A for offenses involving homicide or serious physical injury.
A.R.S. § 13–417.

accused person may not assert *the defense* under subsection A [necessity] for offenses involving homicide or serious physical injury.") (emphasis added). Thus, by the statutes' own terms, they only restrict the availability of *defenses.* They do not bar the use of all *evidence* when admission of that evidence is sought for a separate, but permissible purpose.

¶ 11 The idea that a court may admit evidence for a legitimate purpose even though the evidence is inadmissible for another purpose is not foreign to the law of evidence. *See* Ariz. R. Evid. 404(b) (stating that character evidence of other crimes, wrongs, or acts is inadmissible to show conformity therewith, but is admissible for other purposes); Ariz. R. Evid. 407 (stating that evidence of subsequent remedial measures is inadmissible to prove negligence, but admissible for other purposes). Thus, we hold that the trial court may admit evidence tending to show justification in prosecutions for the reckless injury or killing of an innocent third person if that evidence is otherwise admissible for a separate purpose.[4] As the State points outs, however, this may require a jury instruction indicating the purposes for which the evidence is available and those purposes for which it is not available. *See Readenour v. Marion Power Shovel,* 149 Ariz. 442, 450, 719 P.2d 1058, 1066 (1986) (quoting *Chemetron Corp. v. Bus. Funds, Inc.,* 682 F.2d 1149, 1185 (5th Cir.1982), *vacated on other grounds by* 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983)) ("once evidence admissible for one purpose but inadmissible for another is admitted, the trial court *cannot refuse* a requested limiting instruction.").[5]

## II.

■ ¶ 12 Having determined that A.R.S. §§ 13–401(A), –412(C) and –417(C) do not bar evidence of justification when it is admissible for a separate, permissible purpose, we now turn to whether such a purpose exists in this case. Reagan argues that the evidence is admissible as to the issue of mens rea for "recklessly" as provided in A.R.S. § 13–1103 (Supp.2006).

■ ¶ 13 We review the trial court's determination of relevance for an abuse of discretion. *State v. Kiper,* 181 Ariz. 62, 65, 887 P.2d 592, 595 (App.1994). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ariz. R. Evid. 401.

¶ 14 The crime of manslaughter, with which Reagan is charged, is defined as "[r]ecklessly causing the death of another person." A.R.S. § 13–1103(A)(1). The term "recklessly" is defined to include the requirement that "a person is *aware of* and *consciously disregards* a substantial and unjustifiable risk." A.R.S. § 13–105(9)(c) (Supp. 2006) (emphasis added).[6]

■ ¶ 15 Reagan argues that evidence that he was being chased and feared for his and his brother's lives is relevant and admis-

---

**4.** In *State v. Mott,* 187 Ariz. 536, 541, 931 P.2d 1046, 1051 (1997), the court held that the legislature's rejection of the diminished capacity defense was also a bar on "evidence of a defendant's mental disorder short of insanity ... to negate the *mens rea* element of a crime." The court's conclusion was based on the premise that the diminished capacity defense is by definition the use of evidence of a mental disorder to rebut mens rea. *Id.* at 540, 931 P.2d at 1050. In contrast, the justification defense does not operate by rebutting the mens rea element of a crime. Thus, the unavailability of the justification *defense* is not the equivalent of a bar on the use of justification *evidence* when the purpose for using the justification evidence is to rebut mens rea.

**5.** Although raised in the petition for special action, the issue of a jury instruction was not presented to the trial court. Accordingly, we

address it only to the extent that the trial court must consider this issue at the time it formulates jury instructions.

**6.** The full definition of "recklessly" is as follows:

"Recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.

A.R.S. § 13–105(9)(c).

sible as to the mens rea "recklessly". Specifically, he argues that because of the chase he was not "aware of" nor did he "consciously disregard" the risk. A.R.S. § 13–105(9)(c). If the State cannot satisfy this element, then acquittal on the manslaughter charge would be required.[7]

¶ 16 In *Commonwealth v. Papadinis*, 23 Mass.App.Ct. 570, 503 N.E.2d 1334, 1335–36 (1987), *reversed on other grounds by* 402 Mass. 73, 520 N.E.2d 1300 (1988), the defendant was convicted of involuntary manslaughter, which required a culpable mental state of recklessness. The trial court refused to admit evidence that the defendant feared for his safety to disprove the element of awareness of a risk of causing death by his actions. *Id.* at 1337. The appellate court reversed, holding that "[t]he jury might have accepted the defendant's explanation that he was much afraid, beclouded by panic, and consequently drove off unaware [of the risk]." *Id.*

¶ 17 Similarly, here, evidence of the alleged chase at the time Reagan ran the red light is evidence the jury may consider in determining whether the State has met its burden to show that Reagan was "aware of and consciously disregard[ed]" the risk at issue here.[8] Being "aware" of the risk and the "justifiability" of the risk are also separate and distinct inquiries. The use for this purpose is thus for a purpose different from that prohibited by the justification statutes.[9]

¶ 18 In sum, the trial court did not err in admitting the evidence of the chase. We need not consider the defendant's constitutional grounds for the admissibility of the evidence as we resolve the case on other grounds.

### Conclusion

¶ 19 For the foregoing reasons, we accept jurisdiction and deny relief.

CONCURRING: PATRICIA A. OROZCO and JON W. THOMPSON, Judges.

---

7. A lesser included offense to manslaughter is negligent homicide. A person is guilty of negligent homicide "if with criminal negligence the person causes the death of another person." A.R.S. § 13–1102(A) (Supp.2006).

> "Criminal negligence" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

A.R.S. § 13–105(9)(d). "Negligent homicide is distinguished from reckless manslaughter in that for the latter offense, the defendant is aware of the risk of death and consciously disregards it, whereas, for the former offense, he is unaware of the risk." *State v. Walton*, 133 Ariz. 282, 291, 650 P.2d 1264, 1273 (App.1982). Thus, the lesser included offense would still be applicable.

8. The State claims that admission of the evidence will confuse the jury, but makes no mention in its petition of Arizona Rule of Evidence 403 or related cases. Nor does the State mention the danger of unfair prejudice argument asserted before the trial court. It does not argue that if the evidence has probative value on a legitimate issue, such value is substantially outweighed by the danger of unfair prejudice or confusion. Accordingly, we do not address the application of Rule 403. *See* Ariz. R.Crim. P. 31.13(c)(1) ("An appellant's brief shall include .... the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

9. We do not address whether evidence of the chase is relevant or admissible as to the element of "unjustifiable risk" contained in the statutory definition of "recklessly" or "criminal negligence." A.R.S. § 13–105(9)(c) (" 'Recklessly' means ... that a person is aware of and consciously disregards a substantial and unjustifiable risk."); A.R.S. § 13–105(9)(d) ("criminal negligence" means "a person fails to perceive a substantial and *unjustifiable risk* that the result will occur") (emphasis added). Reagan did not argue in this special action or before the trial court that the risk of causing an accident was a "justifiable risk" given the circumstances and thus not reckless or criminally negligent. We express no opinion as to whether admission of evidence for that purpose is a separate, distinct purpose from the purpose protected in A.R.S. § 13–401(A),–412(C) and –417(C). That issue is not before us.