265 P.3d 436

**Nathan BREWER, Petitioner,**

v.

**The Honorable Brian REES, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge,**

**State of Arizona ex rel. William Montgomery, Maricopa County Attorney, Real Party in Interest.**

**No. 1 CA–SA 11–0129.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 10, 2011.

---

James J. Haas, Maricopa County Public Defender By Paul A. Katz, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

William G. Montgomery, Maricopa County Attorney By Lisa Marie Martin, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

THOMPSON, Judge.

¶ 1 This special action arises out of the trial court's order holding petitioner (Brewer) without bail on new charges. For the reasons that follow, we accept jurisdiction and deny the relief requested by petitioner.

### I. FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In February 2010, Brewer appeared for an initial appearance on allegations that he committed two drug offenses. In March 2010, Brewer consented to participate in a deferred prosecution program, in which he agreed to complete the Treatment Assessment Screening Center (TASC) program. In turn, the state agreed to suspend prosecution of his case (the 2009 case) for up to two years to allow Brewer to complete the program. Brewer submitted a Waiver of Preliminary Hearing to the trial court, and the state filed a motion to suspend prosecution pursuant to Rule 38.1 of the Arizona Rules of Criminal Procedure. Accordingly, the trial court ordered that further proceedings would be suspended and released Brewer on his own recognizance.

¶ 3 In December 2010, the state requested that the trial court reinstate prosecution in light of Brewer's failure to fulfill the conditions of the TASC program.[1] The trial court granted the state's request and reinstated prosecution in January 2011. Two months later, an indictment was filed under a new case number (the 2010 case), alleging that Brewer committed two new drug offenses in November 2010. When Brewer appeared for his arraignment on May 9, 2011 for the 2010 case, the trial court held him non-bondable under Article 2, Section 22(A)(2), of the Arizona Constitution. Brewer obtained a stay from the trial court and filed his petition for special action shortly thereafter.

## II. DISCUSSION

■ ¶ 4 Special action jurisdiction is highly discretionary and is appropriate when

---

1. The state alleged that Brewer failed to pay applicable fees, failed to attend a seminar, tested positive for alcohol, cocaine, and marijuana on numerous dates, failed to provide drug tests, and failed to enroll in substance abuse counseling.

there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *State ex rel. Thomas v. Duncan,* 216 Ariz. 260, 262, ¶ 4, 165 P.3d 238, 240 (App.2007). This court has exercised its discretion to accept jurisdiction of bail issues in which there is no equally plain, speedy, or adequate remedy by appeal. *See, e.g., Fragoso v. Fell,* 210 Ariz. 427, 429, ¶ 3, 111 P.3d 1027, 1029 (App.2005) (reviewing a "cash-only" restriction on a pretrial release bond); *Simpson v. Owens,* 207 Ariz. 261, 265, ¶ 13, 85 P.3d 478, 482 (App.2004) (reviewing bail hearing issues). Although any issues involving Brewer's pretrial incarceration or release will become moot upon trial of the new charges, this purely legal issue is one of statewide importance and could readily recur in other cases. *See* Ariz. R.P. Spec. Act. 1(a); *O'Brien v. Escher,* 204 Ariz. 459, 460, ¶ 3, 65 P.3d 107, 108 (App.2003). Thus, special action review is appropriate. *See* Arizona Revised Statutes (A.R.S.) section 12–120.21(A)(4) (2010).

■ ¶ 5 Brewer argues that he was denied his constitutional right to bail because at the time he allegedly committed the 2010 offenses, he was not "admitted to bail" while prosecution was suspended on the 2009 case. Furthermore, Brewer argues the trial court deprived him of his right to due process by holding him non-bondable without first conducting a hearing to determine if the proof was evident or the presumption great as to the 2010 charges.

¶ 6 Article 2, Section 22(A)(2), of the Arizona Constitution provides that all persons charged with a crime "shall be bailable," except "[f]or felony offenses committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge." In *Heath v. Kiger,* our supreme court held that a defendant released on his own recognizance is "admitted to bail" for purposes of our constitutional bail provisions. 217 Ariz. 492, 497, ¶ 16, 176 P.3d 690, 695 (2008). In *Heath,* the defendant was released on her own recognizance pursuant to a plea agreement. *Id.* at 493–94, ¶ 2, 176 P.3d at 691–92. The plea agreement provided that Heath would participate in the

TASC program, and upon successful completion, the court would dismiss two of the three felony charges and designate the third a misdemeanor. *Id.*

¶ 7 Heath completed the TASC program, but before sentencing, she was charged with three new offenses. *Id.* at 494, ¶ 3, 176 P.3d at 692. The state moved to hold her without bail on the new charges. *Id.* Heath argued that because she was released on her own recognizance, she was not "admitted to bail" at the time she allegedly committed the new felony offenses. *Id.* Following an evidentiary hearing, the trial court found that Heath "was on felony release at the time" of her arrest and that there was "proof evident or presumption great" that she had committed one of the new felony offenses. *Id.* Thus, the trial court ordered Heath held without bail, and our supreme court affirmed. *Id.* at 494, 497, ¶¶ 3, 17, 176 P.3d at 692, 695.

¶ 8 Brewer distinguishes *Heath* by arguing that the charges in *Heath* were "actively" pending, unlike in his case, where he asserts there was no "active" prosecution for which he could have been admitted to bail. Brewer also contends that a suspension of prosecution is the "functional equivalent of a dismissal of the action with the right to refile and recommence proceedings" if a defendant fails to abide by the deferred prosecution terms. We disagree. Like the *Heath* defendant, Brewer was released on his own recognizance and was required to adhere to the conditions of his release. Additionally, Brewer waived his right to a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure and promised to appear at all future court dates. Rule 38.1, which was adopted to implement the deferred prosecution program authorized by A.R.S. § 11–361, contemplates the suspension of time limits required by Rule 8. *See* Ariz. R.Crim. P. 38.1 cmt. ("When the superior court suspends further prosecution ... the normal time limits required by Rule 8 for the commencement of trial of a criminal case are suspended."). This supports the conclusion that suspension of prosecution, even where ultimate dismissal is posited as a potential case outcome, is not dismissal of the charges without prejudice. "[I]f charges against a criminal defendant

are initially dismissed and later refiled by the state, the 150–day limit of Rule 8.2(a) 'begins anew.' " *State v. Lemming,* 188 Ariz. 459, 461, 937 P.2d 381, 383 (App.1997) (citation omitted). But when a case is suspended under Rule 38.1, it remains pending, and speedy-trial time limits likewise must be suspended to allow the defendant to complete the program contemplated by the diversion, which may take up to two years. See Ariz. R.Crim. P. 38.1(c).

¶ 9 The initial prosecution against Brewer was delayed to allow him to participate in the TASC program. Whether Brewer's case at the time he allegedly re-offended is characterized as "active" or "inactive" is not a relevant consideration to our analysis in determining his release status under the Arizona Constitution. We conclude that the holding in *Heath*—that "the phrase 'admitted to bail' includes those defendants released on their own recognizance"—necessarily also includes defendants released on their own recognizance pursuant to a deferred prosecution agreement. 217 Ariz. at 497, ¶ 16, 176 P.3d at 695.

¶ 10 As to Brewer's argument regarding his right to a hearing, Brewer admits that he did not request a *Simpson*[2] hearing to contest the trial court's bail determination in the 2010 case.[3] Brewer argues such a request was not necessary because he was "entitled to bail as a matter of right." The state's position is that if Brewer requests a hearing, he is entitled to one under *Simpson* and Rule 7.4(b) of the Arizona Rules of Criminal Procedure.

¶ 11 If a party requests a hearing to determine whether a defendant shall be held without bail, the request need not allege any new material facts. Ariz. R.Crim. P. 7.4(b). The hearing on such a request "shall be held on the record as soon as practicable but not later than seven days" after the request is filed. *Id.* In *Segura v. Cunanan,* we stated

that "just as defendants may waive a preliminary hearing, defendants may waive a hearing on the no-bail determination" essentially by failing to request one. 219 Ariz. 228, 241, ¶ 55, 196 P.3d 831, 844 (App.2008). Thus, a defendant is properly held without bond at the initial appearance[4] until a full bail hearing is conducted upon the defendant's request. *Id.* at 232, 238–39, ¶¶ 13, 46, 196 P.3d at 835, 841–42. In accordance with *Simpson* and Rule 7.4(b), Brewer may request a bail hearing to challenge the trial court's no-bail determination.

### III. CONCLUSION

¶ 12 We affirm the trial court's order holding Brewer non-bondable.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and MARGARET H. DOWNIE, Judge.

---

2. *Simpson v. Owens,* 207 Ariz. 261, 85 P.3d 478 (App.2004).

3. Brewer also seems to argue that he was somehow denied due process because he did not receive a bail hearing in the 2009 case. The trial court had no reason to *sua sponte* order a hearing in that instance, where Brewer had not only failed to request a hearing, but expressly waived

his right to such a hearing by consenting to participate in the TASC program.

4. The trial court will generally have significant information relevant to the defendant and the crime alleged as set forth in the Release Questionnaire, Forms 4(a) and 4(b), which are recommended by the Arizona Rules of Criminal Procedure. *See* Ariz. R.Crim. P. 41.